# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeff Macy, et al. | **CASE NUMBER** |
| PLAINTIFF(S) | 5:23-cv-00558-JGB-BFM |
| v. | |
| San Bernardino County Code Enforcement, et al. | **ORDER ON REQUEST TO PROCEED** *IN FORMA PAUPERIS* **(NON-PRISONER CASE)** |
| DEFENDANT(S) | |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.     ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

　☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
　☐ The action is frivolous or malicious.
　☒ The action fails to state a claim upon which relief may be granted.
　☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

May 19, 2023
Date

United States District Judge

CV-73 (07/22)　　　　ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

The Complaint consists of various municipal codes, case summaries, and information related to firewood copy-and-pasted from online sources.  Unfortunately, the Complaint lacks any facts regarding what happened to Plaintiffs and when.  Thus, the Complaint fails to state a claim upon which relief may be granted.  Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

Further, the Complaint fails to assert a basis for federal jurisdiction.  Federal courts are courts of limited jurisdiction.  "The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded."  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  A plaintiff bears the burden of showing either federal-question or diversity exists.  "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides "a neutral forum" for parties from different States."  Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019).  Plaintiffs have plead neither.  Accordingly, the Court DENIES Plaintiffs' request to proceed in forma pauperis and DISMISSES the Complaint without prejudice.

*(attach additional pages if necessary)*