

FILED
CLERK, U.S. DISTRICT COURT

11/09/2023

CENTRAL DISTRICT OF CALIFORNIA
BY:          AP          DEPUTY

1  Jeff Macy and Lynn Macy P.O.A. "In Pro Per"
   P.O. Box #103
2  Twin Peaks, Ca. 92391
   Telephone: (909) 744 -8480
3  Email: macybuilders@yahoo.com
          PLAINTIFFS IN PRO PER
4            THE UNITED STATES DISTRICT COURT
         CENTRAL DISTRICT OF CALIFORNIA Eastern Division
5

6  Jeff Macy, as an individual, and Lynn          Case No.: 5:23-cv-00558-
   Macy, as an individual,                        JGB-BFM
7                                                  **143533 (Code
   PLAINTIFF,                                      Enforcement) and 143546 (CSA-18).**
8                                                          COMPLAINT FOR
   vs.                                             DAMAGES AND DEMAND FOR JURY
9                                                  TRIAL FOR:
   SAN BERNARDINO COUNTY CODE                      **(1)** Trespassing.
10 ENFORCEMENT, a public entity, FIRE              **(2)** Harassment.
   ABATEMENT, a public entity, CSA18               **(3)** Discrimination.
11 SPECIAL DISTRICTS, a public entity,             **(4)** Cover up.
   JENNIFER BONNAR, as an individual,                      **(5)** Undue burden upon
12 SUZAN GARRIDO, as an individual, M.             homeowners with undue service.
   SINNER, as an individual, P. MORENO, as         **(6)** Unelected officials creating laws
13 an individual,  A. BROWN, as an                 that go against federal and state
   individual, M. ENRIQUEZ, as an                  constitutions, laws.
14 individual, GABRIEL ARROYO, as an                       **(7)** Theft.
   individual, S. WILD, as an individual, N.               **(8)** Unreasonable search,
15 CANDELARIO, as an individual, M.                         **(9)** Municipal and
   FLORES, as an individual, D. WARD, as           Supervisorial Liability (42 U.S.C. § 1983).
16 an individual, ABRAHAM RAMIREZ, as an                   **(10)** Intentional infliction of
   individual, LAUREN ZAZUETA, as an               Emotional Distress.
17 individual, JESSICA HEMSLEY, as an                      **(11)** Violation of Bane Act.
   individual, JESSICA RUIZ, as an                 **(12)** Excessive Fines.
18 individual, ANDRES DIAZ, as an
   individual and in his official capacity as
19 a supervisor, OFFICER AMBER SCHARF,                      **DEMAND FOR JURY
   as an individual and in his official           TRIAL**
20 capacity as a supervisor, DANIELLE
   MCMAHON, as an individual, PHILIP
21 SALAZAR, as an individual and in his
   official capacity as a supervisor, IRENE
22 ROMERO, as an individual, ADRIANNA
   WIMENTA, as an individual, IAN
23 SALDIVAR, as an individual, CRYSTAL
   CHAVEZ-JONES, as an individual,
24 ANTHONY PHAM, P.E., as an individual,
   MICHELE MARTIN, as an individual,
25 MELISSA CHAPMAN, as an individual,
   BRENDON BIGGS, M.S., P.E., as an
26 individual and in his official capacity as
   a director, DAVID DOUBLET, M.S., P.E., as
27 an individual and in his official capacity
28
                    PAGE 1 OF 20

as an assistant director, GRANVILLE M. BOWMAN, as an individual and in his official capacity as a director, KATHLEEN BINGHAM, as an individual, DENA SMITH, as an individual, TRACY A. SWEENEY, as an individual, DARREN MEEKA, as an individual, VICTOR TORDESILLAS, as an individual and in his official capacity as a director, SOPHIA SALAS, as an individual, GLENN JACKLIN, as an individual and in his official capacity as a CSA-18 supervisor, RUDY GUERRERO, as an individual and in his official capacity as a CSA-18 supervisor, ALEXANDRA CALDERON, as an individual, ALDAIR JIMENEZ, as an individual, PAM ADAMS, as an individual and in his official capacity as a supervisor, JOHN BRADFORD, as an individual and in his official capacity as a  CSA-18 supervisor, BRANDON SORBY, as an individual and in his official capacity as a CSA-18 supervisor, ADENA LOZANO, as an individual, OFFICER GRIM, as an individual, GABRIEL GARCIA, as an individual, CODE ENFORCEMENT OFFICERS et al. as individuals, and DOES 1-50.

Defendants.

PLAINTIFF JEFF MACY and LYNN MACY, through their undersigned counsel,

hereby files this Complaint against Defendants San Bernardino County Code

Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement

Officers et al., CSA18 Special Districts, Jennifer Bonnar, Suzan Garrido, M. Sinner,

P. Moreno, A. Brown, M. Enriquez, Gabriel Arroyo, S. Wild, N. Candelario, M.

Flores, D. Ward, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica

Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene

Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham,

P.E., Michele Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet,

M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A.

Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy

Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, Gabriel Garcia, and Does 1 to 50, inclusive (collectively "Defendants"), alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3-4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §§ 1983, 1985 & 1988, the Fourth & Fourteenth Amendments of the United States Constitution. This court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367 because those claims are so related to PLAINTIFF'S federal claims that the claims form part of the same case and/or controversy pursuant to Article III of the United States Constitution.

2. Venue is properly founded in this judicial district pursuant to 28 USC §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claims in this action occurred within this District and Defendants are subject to personal jurisdiction in this district.

### PARTIES

3. PLAINTIFF JEFF MACY, is a citizen of the State of California, and at all relevant times herein was a resident in San Bernardino County in the State of California.

4. PLAINTIFF LYNN MACY, is a citizen of the State of California, and at all relevant times herein was a resident in San Bernardino County in the State of California.

5. Defendant San Bernardino County Code Enforcement is and at all times relevant a public entity located in the County of San Bernardino and existing under the laws of the State of California.

6. Defendant Fire Abatement is and at all times relevant a public entity located in the County of San Bernardino and existing under the laws of the State of California.

7. Defendant CSA18 Special Districts is and at all times relevant a public entity located in the County of San Bernardino and existing under the laws of the State of California.

8. Defendant Code Enforcement Officers et al. is and at all times relevant were residents of the County of San Bernardino and are sued in their individual capacity.

9. On information and belief, Defendants Jennifer Bonnar, Suzan Garrido, M. Sinner, P. Moreno, A. Brown, M. Enriquez, Gabriel Arroyo, S. Wild, N. Candelario, M. Flores, D. Ward, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, and Gabriel Garcia are and at all times relevant were residents of the County of San Bernardino and are sued in their individual capacity.

10. On information and belief at all times relevant, Defendant DOES 1-50 were residents of the County of San Bernardino and are sued in their individual capacity.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. Each and every allegation set forth in each and every averment and allegation of this pleading hereby is incorporated by this reference in each and every averment and allegation of this pleading.

12. I am informed and believe that Defendants Code enforcement, CSA-18, Fire Abatement, Waste Management, and San Bernardino County Public Records has not provided any of my public records requests.

13. I am informed and believe that Defendants CSA-18 has intentionally deprived the interest of the Plaintiff's property through the unauthorized act (Trespassing on Plaintiff's private property, not allowing Plaintiffs to drive due to failure to repair roads) and causing loss. The default remedy is the damages, considering the fair market value of the property or returning the property. Since 2021 until today, Plaintiffs discovered on 2/27/2023 that Defendants CSA-18 factually did not file Plaintiffs complaint or claim against Defendants CSA-18 with County of San Bernardino Risk Management, which Defendants CSA-18 claimed to have filed back in 2021. 2 months later Defendants CSA-18 said Risk Management denied Plaintiffs claim, without giving Plaintiffs any paperwork to prove it or even a case number. Defendants District CSA-18 have admitted to damaging Plaintiffs property to the Police, but the Police Officer refused to prosecute Defendants saying, "We don't normally arrest county officials".
Defendants CSA-18 took down Plaintiffs cables, which caused all glass lights to be broken and left the broken glass all over Plaintiffs private road

(destruction of private property California Penal Code § 594 PC). Defendants CSA-18 have been dumping base rock, trash, waterflow, and water pipes on Plaintiffs property for years without permission. Defendants CSA-18 have stolen Plaintiffs 2x2 in. signs that held up the chain across MacyLand. Roughly 75-100 yards onto Plaintiffs property, Defendants CSA-18 took down another "No Trespassing, Kids at Play" sign. Defendants CSA-18 also cut down tree branches to remove Plaintiffs 5/8" chain, stole fences (Penal Code § 487 PC) that were chained and locked to Plaintiffs tree. Defendants CSA-18 unbolted and took down Plaintiffs 3/8" chain to the Yeshua planned temple site. Defendants CSA-18 won't repair Burnt Mill Canyon Road, which they are responsible to repair, claiming Defendants cannot afford to fix the road.

14. I am informed and believe that failure or omission to perform the duty of Defendants CSA-18 to maintain Burnt Mill Canyon Rd, is clearly discriminatory & saves the Defendants County money. Harm sustained by the Plaintiffs was intentional & unjustified. Plaintiffs have not been able to drive to lower property to clear trash neighbors dumped. Plaintiffs have had to walk miles to get to their property to perform demolitions and trash removal. Defendants CSA-18 hates Plaintiffs for complaining about Defendants failures to fix roads & for telling Defendants to fix the cable gate the Defendants stole and to pay damages for the lights, cables, signs, posts, and bolts, Defendants CSA-18 damaged and/or stole. Plaintiffs are at constant risk of getting towed by parking at the last part of the drivable road. Failure to perform the duty or the negligent act of the Defendant CSA-18, which subsequently results in the cause of action in the suit.

15. I am informed and believe that Defendants Elderly Abuse Plaintiff Lynn Macy 84-year-old elderly woman by giving constant notices, trespassing onto Plaintiffs property, and constantly reporting trash in front of Plaintiffs trash cans or leaves on Plaintiffs roof to harass Plaintiffs. Defendant Code Enforcement Officers already trespassed into Plaintiffs home twice and forced Plaintiffs to get a permit for a preexisting structure in Plaintiffs home to raise Plaintiffs property taxes unjustly. For 18 years Plaintiffs have been getting unfounded Code violation notices. California Penal Code § 368 PC defines elder abuse as the physical or emotional abuse, neglect, or financial exploitation of a victim 65 years of age or older.

16. I am informed and believe that Defendants Code Enforcement is against Cal Fire's pretense laws and has given Plaintiffs a notice to move wood 30 feet away from all structures, despite there being a fire-resistant tarp covering the wood. Cal Fire's notice of defensible space inspection states in Zone 1 section G. to relocate exposed wood piles outside of Zone 1 unless completely covered in a fire-resistant material, pursuant to 14 CCR § 1299.03(a)(3). Cal. Code Regs. Tit. 14, § 1299.03 – Requirements (a)(3) Relocate exposed firewood piles outside of Zone 1 unless they are completely covered in a fire-resistant material. Zone 1 being within 30 feet of a structure. Defendants Code Enforcement is going against Cal Fire which supersedes Defendants Code Enforcement since it is a state agency while Defendant Code Enforcement is only county.

17. There's an important legal principle that says "ignorance of the law is no excuse." You can't defend your actions by arguing you didn't know they were illegal, even if you honestly did not realize you were breaking the law.

**FIRST CAUSE OF ACTION**

**Unreasonable Search**

**(By Plaintiff Against San Bernardino County Code Enforcement)**

18. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 17, inclusive.

19. As a result of the conduct of Code Enforcement Officers et al. they are liable because they were integral participants in the wrongful entry and inspection or because they failed to intervene to prevent these violations.

20. Defendant Code Enforcement Officers already trespassed into Plaintiffs home twice and forced Plaintiffs to get a permit for a preexisting structure in Plaintiffs home to raise Plaintiffs property taxes unjustly.

21. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.


**SECOND CAUSE OF ACTION**

**Municipal and Supervisory Liability (42. U.S.C. § 1983)**

**(By Plaintiff Against San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al. and Does 1-50.)**

22. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 21, inclusive.

23. On and for some time prior to 2021(and continuing to the present date) Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al., and Does 1 to 50, deprived Plaintiffs Jeff Macy and Lynn Macy of the rights and liberties secured to them by the 4th and 14th Amendments to the United States Constitution, in that said defendants and their supervising and managerial

employees, agents, and representatives acting with gross negligence and with reckless and deliberate indifference to the safety, rights, and liberties of the public in general and of Jeff Macy and Lynn Macy, and of persons in their class, situation and comparable position, in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as county officials and other personnel, including Code Enforcement, Fire Abatement, CSA18 Special Districts, Jennifer Bonnar, Suzan Garrido, M. Sinner, P. Moreno, A. Brown, M. Enriquez, Gabriel Arroyo, S. Wild, N. Candelario, M. Flores, D. Ward, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, Gabriel Garcia, and Unknown Does 1-50 at all times material herein knew or reasonably should have known had propensities for abusing their authority and for mistreating citizens by failing to follow their County Policies;

(b) Inadequately supervising, training, controlling, assigning and disciplining Code Enforcement officers and other personnel,

including Code Enforcement, Fire Abatement, CSA18 Special Districts, Jennifer Bonnar, Suzan Garrido, M. Sinner, P. Moreno, A. Brown, M. Enriquez, Gabriel Arroyo, S. Wild, N. Candelario, M. Flores, D. Ward, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, Gabriel Garcia, and Does 1-50 each knew or in the exercise of reasonable care should have known the aforementioned propensities and character traits;

(c) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling and disciplining the intentional conduct by Code Enforcement officers and other personnel, Fire Abatement, CSA18 Special Districts, Jennifer Bonnar, Suzan Garrido, M. Sinner, P. Moreno,  A. Brown, M. Enriquez, Gabriel Arroyo, S. Wild, N. Candelario, M. Flores, D. Ward, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele

Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, Gabriel Garcia, and Unknown Does 1-50, including Does 1-50.

(d) Failing to adequately train Code Enforcement officers including Defendants Code Enforcement, Fire Abatement, CSA18 Special Districts, Jennifer Bonnar, Suzan Garrido, M. Sinner, P. Moreno,  A. Brown, M. Enriquez, Gabriel Arroyo, S. Wild, N. Candelario, M. Flores, D. Ward, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, Gabriel Garcia, and Does 1-50 and failing to institute appropriate policies regarding constitutional procedures and practices;

(e) Having and maintaining an unconstitutional policy, customs, procedures of using excessive trespassing which is also demonstrated by inadequate training regarding these subjects.

24. Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al. and Does 1-50, together with various other officials whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condone, tolerated, and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Jeff Macy and Lynn Macy and other individuals similarly situated.

25. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and wrongful acts, Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al., Jennifer Bonnar, Suzan Garrido, M. Sinner, P. Moreno,  A. Brown, M. Enriquez, Gabriel Arroyo, S. Wild, N. Candelario, M. Flores, D. Ward, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, Gabriel Garcia, and Does 1-50, acted with intentional, reckless, and callous disregard for the safety and constitutional rights of

PAGE 12 OF 20

Jeff Macy and Lynn Macy. Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al. and Does 1-50, and each of their actions were willful, wanton, oppressive, malicious, fraudulent, extremely offensive, and unconscionable to any reasonable person of normal sensibilities.

26. By reason of the aforementioned policies and practices of Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al., Jennifer Bonnar, Suzan Garrido, M. Sinner, P. Moreno,  A. Brown, M. Enriquez, Gabriel Arroyo, S. Wild, N. Candelario, M. Flores, D. Ward, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, Gabriel Garcia, and Does 1-50, acted with intentional, reckless and callous disregard for the safety and constitutional rights of Jeff Macy and Lynn Macy. Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al. and Does 1-50, Jeff Macy and Lynn Macy incurred damages in the form of psychological and emotional injuries, including, without limitation, pain and suffering, sleep deprivation, humiliation, all of which are continuing and damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

27. The policies, practices and customs implemented and maintained and still tolerated by Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al., Jennifer Bonnar, Suzan Garrido, M. Sinner, P. Moreno,  A. Brown, M. Enriquez, Gabriel Arroyo, S. Wild, N. Candelario, M. Flores, D. Ward, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, Gabriel Garcia, and Does 1-50, acted with intentional, reckless and callous disregard for the safety and constitutional rights of Jeff Macy and Lynn Macy. Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al. and Does 1-50, were affirmatively linked to and were significantly influential forces of Plaintiffs Jeff Macy and Lynn Macy.

28. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

### THIRD CAUSE OF ACTION

**Intentional Infliction of Emotional Distress**

**(By Plaintiff Against All Defendants)**

29. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 28, inclusive.

30. Plaintiff is informed and believes and thereon alleges that Defendants' actions described in this Complaint were intentional, extreme, and outrageous.

31. Plaintiff is further informed and believes and hereon alleges that such actions were done with intent to cause serious emotional distress and were done with reckless disregard of the probability of causing Plaintiffs serious emotional distress.

32. As a proximate result of the Defendants actions Plaintiffs Jeff Macy and Lynn Macy incurred damages in the form of psychological and emotional injuries, including, without limitation, pain and suffering, sleep deprivation, humiliation, all of which are continuing and damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

33. The conduct of the Defendants was despicable, malicious, wanton, oppressive and accomplished with a conscious disregard for Plaintiffs Jeff Macy and Lynn Macy's rights, entitling Plaintiffs Jeff Macy and Lynn Macy to an award of exemplary and punitive damages.

34. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## FOURTH CAUSE OF ACTION

### Violation of Bane Act (Cal. Civ. Code § 52.1)

### (By Plaintiff Against All Defendants)

35. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 34, inclusive.

36. Defendant intentionally interfered with Plaintiff's civil rights by threats, intimidation, or coercion in that Defendants acted violently against Plaintiffs Jeff Macy and Lynn Macy from exercising their right to unreasonable search by trespassing into their home.

37. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**FIFTH CAUSE OF ACTION**

**Forced Demolition Permit**

**(By Plaintiff Against County Code Enforcement et al.)**

38. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 37, inclusive.

39. Defendant's County Code Enforcement et al. forced Plaintiffs to get a demolition permit.

40. At Plaintiffs property APN# 0342-031-01 a demolition permit was required for a house that was already demolished costing $266. Defendants County told Plaintiffs they had to get another demolition permit for a building that was demolished before Plaintiffs could buy the property, trying to extort more money. Under the fourth amendment the U.S. constitution grants the right to be free from unreasonable searches and seizures. The Defendants Code Enforcement Officers were informed that they were walking on private property. Defendants Code Enforcement Officers did not have a search warrant to enter Plaintiffs private property.

41. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## SIXTH CAUSE OF ACTION

### Forced Address

### (By Plaintiff Against County Code Enforcement et al.)

42. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 41, inclusive.

43. Defendant's County Code Enforcement et al. forced Plaintiffs to pay for an address or the Defendants would not remove the notice from the building and safety department division. Plaintiffs were also not allowed to customize the address. Plaintiffs were forced to pay for something they did not want.

44. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## SEVENTH CAUSE OF ACTION

### Trespassing without Warrant

### (By Plaintiff Against All Defendants)

45. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 44, inclusive.

46. Defendants Health Department interfered with Plaintiff's civil rights by intimidation or coercion in that Defendant acted violently against Plaintiffs Jeff Macy and Lynn Macy from exercising their right to unreasonable search by trespassing onto their property without warrant for potential well.

47. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## EIGHTH CAUSE OF ACTION

### Failure to do Public Records Request

### (By Plaintiff Against All Defendants)

48. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 47, inclusive.

49. Defendants failed to do a public records request as requested by Plaintiffs.

50. California Public Records Act Information (CPRA) The Act provides for two types of access. One is a right to inspect public records: "Public records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record, except as hereafter provided."

51. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## NINTH CAUSE OF ACTION

### Excessive Fines

### (By Plaintiff Against All Defendants)

52. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 51, inclusive.

53. Defendants have been excessively giving fines for trash in front of trash cans, leaves on the roof, yard, and firewood.

54. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.